IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**KEITH KENARD COLEMAN,**

      **Plaintiff,**

v.                                                  Civil Action No. 2:16-cv-9192

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before this Court are Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 14) and Defendant's Brief in Support of Defendant's Decision (ECF No. 15).

Keith Kenard Coleman (hereinafter referred to as Claimant), applied for SSI on May 21, 2013, and DIB on May 23, 2013, alleging disability beginning February 28, 2012. The claims were denied initially on August 14, 2013, and upon reconsideration on October 31, 2013. Thereafter, Claimant filed a written request for a hearing before an administrative law judge (ALJ) on November 5, 2013. A video hearing was held on February 11, 2015, with the Claimant appearing in Huntington, West Virginia, and the ALJ presiding over the hearing from St. Louis, Missouri. On February 23, 2015, the ALJ denied Claimant's applications. On April 27, 2015,

Claimant filed a request for review of the hearing decision by the Appeals Council (AC) (Tr. at 8). On July 29, 2016, the Appeals Council denied Claimant's request for review (Tr. at 1-5). The AC stated "We found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 1) and "In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council" (Tr. at 2). The Order of Appeals Council dated July 29, 2016 (Tr. at 6), made the following additional evidence part of the record:

| | |
|---|---|
| Exhibit 14E | Representative Brief submitted by J.T. Meisel, Esq., dated April 27, 2015. |
| Exhibit 17F | Medical Records from Marshall Health, dated February 9, 2015. |

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2016). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative

Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2016). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date of February 28, 2012, and meets the insured status requirements through March 31, 2016 (Tr. at 14). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairment of pulmonary nodules, status post left radial orchiectomy secondary to a diagnosis of a left testicular mass, chronic obstructive pulmonary disease (COPD), asthma and hepatitis C. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 16). The ALJ then found that Claimant has a residual functional capacity to perform work at the light exertional level except he cannot climb ladders, ropes or scaffolds, and can only occasionally climb ramps or stairs, stoop, crouch, crawl or kneel. He must further avoid concentrated exposure to extreme cold, fumes,

odors, dusts, gases, perfumes, finger nail polish, incense, candles and poor ventilation (Tr. at 16-17). The ALJ held that Claimant is unable to perform any past relevant work (Tr. at 19). The ALJ held that Claimant could perform the requirements of representative occupations such as price marker, small parts assembler and house sitter (Tr. at 20). On this basis, benefits were denied. (*Id.*)

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

## Claimant's Background

Claimant was born on September 16, 1979. He last completed the ninth grade (Tr. at 36). On the date of the hearing Claimant was thirty-five years old (Tr. at 35).

<u>Medical Background</u>

The court has reviewed all evidence of record, including the medical evidence, and will discuss it further below as necessary.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the ALJ's decision is not supported by substantial evidence when the ALJ disregarded the testimony of the Vocational Expert (VE) who allegedly stated that Claimant is incapable of substantial gainful activity (ECF No. 14). Claimant avers that the Appeals Council (AC) failed to consider all of the new and material evidence relating to Claimant's breathing impairment. In response, Defendant asserts that Claimant has not proven he is disabled under the Act (ECF No. 15). Defendant avers that the ALJ properly assessed Claimant's Residual Functional Capacity, formulated appropriate hypothetical questions for the VE and properly relied on the VE's testimony in response to a hypothetical question that accounted for all of Claimant's credibly established limitations. Additionally, Defendant asserts that Claimant failed to demonstrate that the additional documents submitted to the AC after the date of the ALJ's decision were new and material because they did not relate to the relevant time period or were available and in existence at the time of the hearing.

<u>Discussion</u>

<u>Vocational Expert</u>

Claimant asserts that the Vocational Expert (VE) at the hearing stated that Claimant is incapable of substantial gainful activity in the following 3 scenarios:

1. Plaintiff is incapable of substantial gainful activity if he has to prop up his left leg to waist height during the course of the workday (Tr. at 72) to avoid leg swelling (Tr. 48-49). Plaintiff testified that he has to prop up his left leg so that it is above his heart in order to avoid swelling (Tr. 73-74).
2. Plaintiff is incapable of substantial gainful activity if he requires 2 to 3 breathing treatments which are outside of regularly

5

   allowed breaks.  Plaintiff testified that he requires breathing treatment three (3) times per day (Tr. 60-61).
3. Plaintiff is incapable of substantial gainful activity if he misses work two (2) or more days per month.  Plaintiff's testimony demonstrates that he would miss work two (2) or more days per month (Tr. 26-75). (ECF No. 14).

  While questions posed to the vocational expert must fairly set out all of claimant's impairments, the questions need only reflect those impairments that are supported by the record. *See Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).  Claimant does not argue the ALJ's residual functional capacity (RFC) assessment is incorrect.  Instead, Claimant argues that the ALJ must accept the VE's testimony on cross-examination by Claimant's counsel.

  The ALJ's hypothetical question need only include those limitations supported by the record.  Additionally, Claimant's attorney presented hypothetical questions to the VE.  However, "An ALJ is not required to credit vocational expert testimony elicited in response to a hypothetical question that includes the limitations the ALJ finds not to be credible."  See *Craig v. Bowen*, 835 F.2d 56, 57-58 (3d Cir. 1987).  "Because the attorney's hypothetical questions assumed impairments that were not reflected in the ALJ's RFC determination, the vocational expert's responses to those questions were neither relevant nor useful and the ALJ properly ignored them." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

  Therefore, in the present matter, the ALJ was not required to accept the VE's testimony in response to hypothetical questions presented by Claimant's counsel.

Additional Evidence Submitted to the Appeals Council

  Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision.  See 20 C.F.R. §§ 404.970(b) and 416.1470(b).  SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material.  According to the HALLEX, this means the evidence is:

6

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit.

*Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

### Exhibit 17F

The AC did not make a summary report dated March 5, 2015, part of the record. In the July 29, 2016, Notice of Appeals Council Action, the AC stated:

> In looking at your case, we considered the reasons you disagree with

>the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
>We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence currently of record.
>
>We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
>We also looked at the pulse oximetry summary report from Virtuox, dated March 5, 2015. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 23, 2015.
>
>If you want us to consider whether you were disabled after February 23, 2015, you need to apply again. The new information you submitted is available in your electronic file for you to use in your new claim (Tr. at 2).

Claimant argues that the ALJ "failed to consider all of the new and material evidence relating to Plaintiff's breathing impairment" (ECF No. 14). Claimant's argument refers only to the summary report dated March 5, 2015. Claimant avers that the AC failed to consider the summary report. (*Id.*) Claimant did not argue that the summary report relates to the period on or before the date of the hearing decision, February 23, 2015. Claimant did not argue that the summary report postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

Contrary to Claimant's assertion, the AC did consider the summary report dated March 5, 2015. The AC's Notice of Appeals Council Action clearly reflects that the AC considered the summary report and determined that the "new information is about a later time" (Tr. at 2).

However, the Notice of Appeals Council Action states that the Appeals Council (AC) admitted Claimant's medical records from Louis Abdelghani, M.D., and Fadi Alkhankan, M.D., dated February 9, 2015 as Exhibit 17 F (Tr. at 725-730).

9

Inexplicably, the ALJ referred to Exhibit 17F when discussing whether Claimant meets or equals the requirements of Listing 3.02 regarding chromic pulmonary insufficiency (Tr. at 16). The ALJ stated:

> For an individual of the claimant's height of 65 inches, Listing 3.02A requires a FEV of 1.25 or less. May 30, 2013, pulmonary function testing found the claimant to have an FEV of 3.18. Listing 3.02B requires an FVC equal to or less than 1.45. The claimant's FVC value was 4.66. There was no testing conducted using a bronchodilator. (Exhibit 17F pg 2). Similarly, June 2, 2014, pulmonary function testing showed the claimant to have a FEV or 2.79 and FVC of 3.91. (Exhibit 13F pg 2). Finally, the evidence does not show chronic impairment of gas exchange or significantly abnormal arterial blood gas values, as required by 3.02C (ECF No. 16).

However, the hearing transcript reflects that record includes exhibits 1A to 8A, 1B to 16B, 1D to 7D, 1E to 12E and 1F to 15F (Tr. at 30). Neither Plaintiff's Brief nor Defendant's Brief explain how the ALJ was able to reference Exhibit 17F in the decision dated February 23, 2015, when the AC didn't admit that exhibit until July 29, 2016 (Tr. at 6, 12-20).

This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. The undersigned respectfully recommends that the District Judge find that the decision is insufficient to conduct a meaningful review because it is not clear what the ALJ was referencing to as Exhibit 17F in the decision because the AC had not admitted Exhibit 17F into the record.

Furthermore, the additional records, marked as Exhibit 17F, were admitted into evidence by the AC. The undersigned respectfully recommends that the District Judge find that the additional evidence admitted by the Appeals Council is new and material. As the new evidence was submitted to the AC, good cause is not required. A portion of the contents of the newly admitted evidence includes office notes dated February 9, 2013, regarding Claimant's breathing

condition (Tr. at 725- 730). Because the ALJ found that Claimant suffered from severe impairments including pulmonary nodules, COPD and asthma, the undersigned respectfully recommends that the District Judge find that there is a reasonable possibility that the newly admitted evidence would have changed the outcome of the ALJ's decision. Therefore, the ALJ's decision is not supported by substantial evidence. This Court makes no recommendation as to any remaining arguments. These issues may be addressed on remand.

## Conclusion

Accordingly, the undersigned respectfully recommends that the District Judge find that the ALJ's decision is not supported by substantial evidence. The undersigned suggests that the presiding District Judge remand the decision for further consideration and explanation by an ALJ.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Brief in Support of Judgement on the Pleadings (ECF No. 14) to the extent that it seeks remand, **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 15), **REVERSE** the final decision of the Commissioner, **REMAND** this case to an ALJ for further consideration and explanation consistent with this opinion pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of

the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: January 25, 2018

Dwane L. Tinsley
United States Magistrate Judge